```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
```

AMERICAN MILLENNIUM INSURANCE )
COMPANY,                      )
                              )
            Plaintiff,        )
                              )
      v.                      )          1:18cv1023
                              )
USA FREIGHT SOLUTIONS, INC.,  )
RIDER CABALLERO ACOSTA, and   )
SHEYANNE CHAVERS,             )
                              )
            Defendants.       )

## MEMORANDUM ORDER

This declaratory judgment action is before the court pursuant to Plaintiff American Millennium Insurance Company's response (Doc. 22) to this court's prior order (Doc. 21) directing Plaintiff to demonstrate why its motions for summary judgment (Doc. 17) and default judgment (Doc. 19) should not be denied and the action dismissed. Plaintiff again urges the court not to deny its motions and dismiss this lawsuit. (Doc. 22.) For the reasons set forth below, the court finds Plaintiff's arguments unpersuasive and will dismiss this action without prejudice.

Plaintiff seeks a declaratory judgment that the insurance policy it issued to Defendant USA Freight Solutions, Inc. ("USA Freight") provides no coverage for damages arising out of an automobile accident that occurred in West Palm Beach, Florida, on September 10, 2018. The complaint alleges that Defendant Sheyanne Chavers, riding as a passenger in a car on Interstate 95, was

injured when her car rear-ended a truck, driven by Rider Caballero Acosta, and swerved off the highway into a concrete barrier. (Doc. 1 ¶¶ 9-13.) Plaintiff alleges that "Chavers has made a claim to [it] seeking to recover for the injuries she sustained during the accident . . . under the policy issued to USA Freight." (Id. ¶ 29.) There is no allegation of any pending lawsuit against anyone, including any litigation by Chavers against USA Freight or Acosta.

No Defendant has filed a response to Plaintiff's complaint or to Plaintiff's pending motions. In its prior Order, this court indicated its intention to deny the motions and to dismiss Plaintiff's action for lack of standing, lack of ripeness, and lack of a persuasive reason for the court to exercise its discretion under the Declaratory Judgment Act unless Plaintiff timely filed additional briefing to demonstrate why the court should not do so. (Doc. 21 at 3.)

Plaintiff argues that it has standing to bring this action and that the controversy is ripe for decision. Specifically, it argues that the complaint alleges a concrete injury that is actual and imminent and contends that Trustgard Insurance Company v. Collins, 942 F.3d 195 (4th Cir. 2019), which this court cited in its prior Order, is distinguishable. (Doc. 22 at 1-3.) Plaintiff's arguments are unconvincing.

In Trustgard, an insurer sought a declaratory judgment from

2

a federal district court regarding a personal injury action being litigated in state court.  See Trustgard, 942 F.3d at 197–99.  A passenger in a vehicle involved in an auto accident had sued multiple parties in state court, including a Mr. Brown, whose Interstate Commerce Commission number appeared on the truck plaintiff rear-ended and for whom the truck driver was allegedly acting.  As the state lawsuit proceeded, Mr. Brown's insurer sought a declaratory judgment in federal court that "it need not cover a judgment against Brown for damages arising from an accident in which neither Brown nor his insured vehicles were involved."  Id. at 198.  The Fourth Circuit, expressing deep concerns whether the insurer had standing and whether its claim was ripe, avoided resolving either question because it was clear that the district court should not have exercised discretionary jurisdiction, as it could interfere with the ongoing state court litigation.  See id. at 199-204.  The court reasoned that if the state litigation found Brown not liable, there would be no requirement for indemnity and the federal court's decision would amount to an advisory opinion. Id. at 200.

The Trustgard court's jurisdictional analysis is instructive.  As to standing, the court noted that the insurer's alleged injury was "of a hypothetical and contingent nature," as it depended on the outcome of the state court litigation.  Id.  As to ripeness, the court noted its precedent finding claims unripe where liability

3

had yet to be determined and "indemnification turned on the relationship and relative responsibility among the potential wrongdoers -- facts that remained unclear." Id. In so doing, the court distinguished duty-to-defend cases, noting its precedents finding that "suits about the duty to indemnify -- unlike the duty-to-defend suits -- would ordinarily be advisory when the insured's liability remains undetermined." Id.

These same concerns are present here, even more so. Plaintiff's claim for indemnity is purely hypothetical and contingent. Neither USA Freight nor any alleged insured has been found liable for Chavers's injuries. Indeed, Plaintiff is unaware of any lawsuit involving any of the alleged parties to the accident. Instead, Chavers has only made a demand directly to Plaintiff, as insurer of USA Freight, for payment, which Plaintiff has apparently simply rejected.[1] Moreover, there is no allegation that Chavers has proffered even a good faith argument that Plaintiff's policy is in any way implicated in this accident. To the contrary, Plaintiff alleges that at the time of the accident,

---

[1] Notably, Florida, where the accident occurred, does not permit an injured party who is not an insured to directly sue the alleged tortfeasor's insurer without first obtaining a settlement or verdict against the tortfeasor. Fla. Stat. § 627.4136; see also Kong v. Allied Prof'l Ins. Co., 750 F.3d 1295, 1300-01 (11th Cir. 2014). Neither North Carolina nor New Jersey recognize any cause of action by a third party against an insurer for bad faith or unfair refusal to settle. Lee v. Mut. Cmty. Sav. Bank, SSB, 525 S.E.2d 854, 857 (N.C. Ct. App. 2000); Murray v. Allstate Ins. Co., 507 A.2d 247, 250 (N.J. Super. Ct. App. Div. 1986).

Acosta was not an insured, he was not USA Freight's employee, and the truck he was driving was not a covered auto under Plaintiff's policy. (Doc. 1 ¶¶ 26-28.) That Plaintiff has not withdrawn her claim (see Doc. 22 at 5) does not elevate it to an actual injury. With no pending lawsuit by anyone, no notice by USA Freight of any litigation against it, and no demand by USA Freight that Plaintiff indemnify or defend it from a suit (Doc. 22 at 3 n.1), Plaintiff's alleged injury appears even more hypothetical than that in Trustgard, where the determination of liability of the insured was ongoing in state proceedings.

For these same reasons, Plaintiff's claim is not ripe. Liability to USA Freight, the insured, "turn[s] on the relationship and relative responsibility[ies] among the potential wrongdoers -- facts that remain[] unclear." Trustgard, 942 F.3d at 200. There is neither a claim for indemnity nor a claim for defense. See id. (citing cases distinguishing duty-to-defend cases prior to judgment). See, e.g., Susan B. Anthony List v. Driehaus, 573 U.S. 149, 158 n.5 (2014) (recognizing that "[t]he doctrines of standing and ripeness" both stem from "the same Article III limitation"); Medimmune, Inc. v. Genentech, Inc., 549 U.S. 118, 128 n.8 (2007) (noting that issues of standing and ripeness often "boil down to the same question"); A/S J. Ludwig Mowinckles Rederi v. Tidewater Const. Co., 559 F.2d 928, 932-33 (4th Cir. 1977) (finding claims of indemnity premature, noting that "[a]n important factor in

5

considering ripeness is whether resolution of the tendered issue is based upon events or determinations which may not occur as anticipated").

Plaintiff draws the court's attention to a handful of cases for a contrary position. They are unhelpful. Not only is none controlling in this district, but many are factually distinguishable. For example, the primary case Plaintiff cites, <u>Firemen's Insurance Company v. Kline & Son Cement Repair, Incorporated</u>, found a justiciable controversy where an insured demanded indemnity when a lawsuit was imminent. 474 F. Supp. 2d. 779, 785–87 (E.D. Va. 2007). Here, there is not even the threat of litigation, and the insured has made no claim for indemnity or defense, either; in fact, it has not even provided notice of the accident. Apart from Chavers's claim to Plaintiff, there is no indication of any dispute among the parties. Indeed, in the year this action has been pending, no other party -- <u>including Chavers</u> -- has participated in this lawsuit.

Plaintiff argues that a "third party's failure to file an underlying lawsuit is not a *per se* barrier" to the existence of a declaratory judgment action. (Doc. 22 at 3.) True. <u>Firemen's Ins. Co.</u>, 474 F. Supp. 2d at 786. But <u>Trustgard</u> makes clear that the filing of lawsuit by a third party likewise does not guarantee that an insurer such as Plaintiff will have standing to seek a declaratory judgment. <u>Trustgard</u>, 942 F.3d at 200. As it stands

now, a decision by this court would be merely advisory and have no "real-world impact," since Chavers has not filed or even threatened litigation, Plaintiff does not know if USA Freight will demand coverage, and it is highly speculative whether USA Freight would even be found liable for Chavers's injuries. Peerless Ins. Co. v. Innovative Textiles, Inc., 1-19-cv-362, 2020 WL 137303, at *2 (M.D.N.C. Jan. 13, 2020) (quoting Molex, Inc. v. Wyler, 334 F. Supp. 2d 1083, 1087 (N.D. Ill. 2004)). For all these reasons, Plaintiff lacks standing and its claim in unripe. The court therefore lacks subject-matter jurisdiction to hear the case.

Even if the claims were justiciable, "the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration" that counsel refraining from doing so here. Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995). See also 28 U.S.C. § 2201(a). In determining whether to entertain an insurer's declaratory judgment claim related to its duty to indemnify, courts consider several factors, including whether hearing the case would intrude on the prerogative of state courts; whether exercising discretionary jurisdiction would raise serious questions about Article III jurisdiction; and whether the declaration would consume judicial time in order to produce a decision that may turn out to be irrelevant. Trustgard, 942 F.3d at 201-02. Although there is no ongoing state litigation here,

7

the other two factors weigh heavily against Plaintiff. Therefore, even if Plaintiff had standing on a ripe controversy, the court would decline to exercise its discretion under the Declaratory Judgment Act to hear this case.

For the reasons stated,

IT IS THEREFORE ORDERED that the Plaintiff's motions for summary judgment (Doc. 17) and default judgment (Doc. 19) are DENIED WITHOUT PREJUDICE and the case is DISMISSED WITHOUT PREJUDICE.

/s/ Thomas D. Schroeder<br>United States District Judge

February 13, 2020