IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
AMERICAN MILLENNIUM INSURANCE    )
COMPANY,                         )
                                 )
            Plaintiff,           )
                                 )
      v.                         )    1:18cv1023
                                 )
USA FREIGHT SOLUTIONS, INC.,     )
RIDER CABALLERO ACOSTA, and      )
SHEYANNE CHAVERS,                )
                                 )
            Defendants.          )
```

## MEMORANDUM ORDER

This declaratory judgment action returns to this court for the third time pursuant to Plaintiff American Millennium Insurance Company's motion (Doc. 25) to alter or amend and for reconsideration of the court's February 13, 2020 Memorandum Order dismissing this case without prejudice (Doc. 23). For the reasons set forth below, the motion will be denied.

Plaintiff seeks a declaratory judgment that the insurance policy it issued to Defendant USA Freight Solutions, Inc. ("USA Freight") provides no coverage for damages arising out of an automobile accident that occurred in West Palm Beach, Florida, on September 10, 2018. The complaint alleges that Defendant Sheyanne Chavers, riding as a passenger in a car on Interstate 95, was injured when her car rear-ended a truck, driven by Rider Caballero Acosta, and swerved off the highway into a concrete barrier. (Doc. 1 ¶¶ 9-13.) Plaintiff alleges that "Chavers has made a claim to

[it] seeking to recover for the injuries she sustained during the accident . . . under the policy issued to USA Freight." (Id. ¶ 29.) There is no allegation of any pending lawsuit against anyone, including any litigation by Chavers against USA Freight or Acosta.

No Defendant responded to Plaintiff's complaint in the present action or made an appearance. Consequently, Plaintiff requested, and the Clerk of Court entered, default. (Docs. 12, 13.)

Plaintiff then moved for summary judgment and default judgment. (Docs. 17, 19.) This court indicated its intention to deny the motions and to dismiss Plaintiff's action for lack of standing, lack of ripeness, and lack of a persuasive reason for the court to exercise its discretion under the Declaratory Judgment Act and allowed Plaintiff an opportunity to demonstrate why the court should do otherwise. (Doc. 21 at 3.) Plaintiff filed a memorandum, urging the court to grant its motions. (Doc. 22.) After careful consideration, the court entered a Memorandum Order denying the motions without prejudice on the grounds that the action was not justiciable and, alternatively, that the court should not exercise its discretion under the Declaratory Judgment Act to entertain the motions. (Doc. 23.)

In the present motion, Plaintiff seeks reconsideration and/or amendment of the court's Memorandum Order pursuant to Federal Rules

2

of Civil Procedure 59(e) and 60(b). "A Rule 59(e) motion may only be granted in three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th Cir. 2012) (internal quotation marks omitted) (quoting Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007)). Such a motion allows a district court to correct its own errors, but it does not serve as a vehicle for a party to raise new arguments or legal theories that could have been raised before the judgment. See Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). Rule 59(e) is an "extraordinary remedy," to be used only "sparingly." Id. (quoting 11 Wright et al., Federal Practice & Procedure § 2810.1, at 124 (2d ed. 1995)). Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b) . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). The rule also permits the court to correct clerical mistakes arising from oversight or omission. Fed. R. Civ. P. 60(a). Like Rule 59(e),

3

Rule 60(b) is an extraordinary remedy that should be imposed only in "exceptional circumstances." Mayfield, 674 F.3d at 378. Because Plaintiff's motion was filed twenty-five days after this court's judgment, there is no timeliness issue under either ground. See Fed. R. Civ. P. 59(e) (requiring filing within 28 days of entry of judgment); 60(c) (requiring filing within one year of entry of the judgment or order for subsections (1) and (2), otherwise within a "reasonable time"). However, motions filed within 28 days are considered under Rule 59(e). See Robinson v. Wix Filtration Corp., 599 F.3d 403, 412 & n.11 (4th Cir. 2010); MLC Auto, LLC v. Town of S. Pines, 532 F.3d 269, 280 (4th Cir. 2008).

Plaintiff argues first that it has a new fact: namely, a February 21, 2020 letter from a Texas-based debt collection firm, T.L. Thompson & Associates, Inc., addressed to Acosta, in care of Plaintiff's law firm, which states an intention to seek subrogation on behalf of Chavers's insurer, State Farm Mutual Automobile Insurance, for $7,381.98. (Doc. 25-1.) Presumably this is what State Farm paid Chavers. The letter states that the firm "intend[s] to pursue all means available under the law to recover the amount of the damages sustained in the loss." (Id.) Plaintiff concludes that Acosta "[a]pparently" gave Plaintiff's name to either the collection firm or State Farm. (Doc. 25 at 3.) Plaintiff argues this letter demonstrates a concrete injury that is actual and imminent. (Id.)

4

The letter is a new piece of evidence, but it does not create a concrete and imminent injury. The letter directs Acosta that "[i]f you had insurance coverage at the time of the loss, indicate the name of your insurance carrier and the policy information in the space provided below" and states that the collection firm "will file a claim on your behalf with your insurance carrier for the damages reflected above." (Id.) In other words, in so far as the insurance coverage question goes, the letter only requests insurance information and suggests the collection firm will sue in Acosta's name for coverage. Yet there remains no legal action against either Acosta or Plaintiff, a fact this court noted earlier. (Doc. 23 at 2.) And there is no demand by Acosta to defend any action. Even if there were, in North Carolina the duty to defend arises from the language of a complaint, yet there is none. See Westfield Ins. Co. v. Nautilus Ins. Co., 154 F. Supp. 3d 259, 264 (M.D.N.C. 2016) ("The duty to defend is generally determined by analyzing the pleadings in the underlying lawsuit."); Waste Mgmt. of Carolinas, Inc. v. Peerless Ins. Co., 340 S.E.2d 374, 378 (N.C. 1986) (noting that the courts employ the comparison test, where "the pleadings are read side-by-side with the policy to determine whether the events as alleged are covered or excluded.") Only a letter from a debt collection agency has been sent. To state the obvious, there is no indication of any debt owed -- no judgment that can be pursued for collection.

5

Thus, Plaintiff's conclusion that Acosta has "seemingly caused a subrogation claim to be made" is an overstatement. (Doc 25 at 4.) It is unclear what, if anything, the debt collection agency will -- indeed can -- do. In fact, in language that parrots a collection notice, the letter invites Acosta to dispute the validity of the claim. (Doc. 25-1.) Yet there is no indication whether he has done so and, if so, the debt collection agency's response. To the extent Plaintiff suggests that the letter should be construed as a request by Acosta for defense or indemnity because it was sent to Acosta but at the address of the law firm representing Plaintiff, this is speculation. Acosta did not bother to respond to the present lawsuit seeking a declaration of no coverage for this very accident; it is unlikely he would claim coverage in this fashion. Instead, the letter appears to be a fishing expedition for insurance coverage couched in the language of a debt collection.

Given these facts, Plaintiff's reliance on Progressive N. Ins. Co. v. Jones, Case No. 1:18CV00009, 2020 WL 216011, *2 n.4 (W.D. Va. Jan. 14, 2020), is misplaced. In that case, the court decided the coverage issue where there was an actual underlying lawsuit; here there is no such action. Similarly, Plaintiff's reliance on T.H.E. Ins. Co. v. Dowdy's Amusement Park, 820 F. Supp. 238 (E.D.N.C. 1993), is unhelpful. There, the court identified the question as "whether [the insurer]'s potential duty to defend

or settle this case [was] sufficiently at issue to constitute an actual controversy, even though no complaint against its insured has yet been filed." Id. at 239.  In that case, a settlement demand had been made, and the court cited the insurer's concern for significant pre-litigation factual investigation that would need to be done.  No such circumstances have been raised in the present case.

Second, Plaintiff argues that the court's Memorandum Order labored under a mistake of fact.  In the course of its opinion, the court stated that "Chavers has only made a demand directly to Plaintiff, as insurer of USA Freight, for payment, which Plaintiff has apparently simply rejected." (Doc. 23 at 4.)  The court's statement was based on the fact that Plaintiff nowhere indicated that it had made any payment to Chavers.  Plaintiff states now that it never rejected Plaintiff's demand, "cognizant of North Carolina's laws regarding bad faith in making an incorrect determination to deny coverage." (Doc. 25 at 4.)  Plaintiff concludes that a declaration from the court as to coverage would relieve it of any concern as to a duty to defend Acosta. (Id. at 4-5.)  No doubt it would be convenient for Plaintiff to have a judicial decree that there is no coverage for Acosta for the accident.  But that is not the standard.  For the reasons noted above, the duty to defend depends on the allegations of a complaint, and to date no complaint has been filed by anyone in

7

connection with the accident.

Any claim implicating Plaintiff remains purely hypothetical and contingent. Neither USA Freight nor any alleged insured has been found liable for Chavers's injuries. Plaintiff is unaware of any lawsuit involving any of the alleged parties to the accident. Chavers only made a payment demand directly to Plaintiff, as insurer of USA Freight, which Plaintiff has apparently not paid.[1] There is no allegation that Chavers, or anyone on her behalf, has proffered even a good faith argument that Plaintiff's policy is in any way implicated in this accident. Rather, Plaintiff alleges that at the time of the accident, Acosta was not an insured, he was not USA Freight's employee, and the truck he was driving was not a covered auto under Plaintiff's policy. (Doc. 1 ¶¶ 26-28.) And now Chavers's insurer, State Farm, has apparently retained a collection agency to send a letter to Acosta, even though there is no evidence of a debt. With no pending lawsuit by anyone, no notice by USA Freight of any litigation against it, and no demand

---

[1] As the court noted earlier, Florida, where the accident occurred, does not permit an injured party who is not an insured to directly sue the alleged tortfeasor's insurer without first obtaining a settlement or verdict against the tortfeasor. Fla. Stat. § 627.4136; see also Kong v. Allied Prof'l Ins. Co., 750 F.3d 1295, 1300-01 (11th Cir. 2014). Neither North Carolina nor New Jersey recognize any cause of action by a third party against an insurer for bad faith or unfair refusal to settle. Lee v. Mut. Cmty. Sav. Bank, SSB, 525 S.E.2d 854, 857 (N.C. Ct. App. 2000); Murray v. Allstate Ins. Co., 507 A.2d 247, 250 (N.J. Super. Ct. App. Div. 1986).

8

by USA Freight or even by Acosta that Plaintiff indemnify or defend it from a suit, Plaintiff's alleged injury remains hypothetical.

For these same reasons, Plaintiff's claim is not ripe. There is neither a claim for indemnity nor a claim for defense. See <u>Trustgard Ins. Co. v. Collins</u>, 942 F.3d 195, 200 (4th Cir. 2019). And even if the claims were justiciable, the court should refrain from exercising its discretion under the Declaratory Judgment Act to hear this case.

For the reasons stated,

IT IS THEREFORE ORDERED that the Plaintiff's motion to alter and amend and for reconsideration (Doc. 25) is DENIED WITHOUT PREJUDICE.

/s/ Thomas D. Schroeder<br>United States District Judge

May 1, 2020

9